WAKEM & McLAUGHLIN v. UNITED STATES.

(Circuit Court, N. D. Illinois. May 27, 1910.)

No. 27,205.

CUSTOMS DUTIES (§ 44*)—CLASSIFICATION—"BOK ALE"—SIMILITUDE TO BEER.
"Bok ale" or barley brew base, which is an unfinished nonalcoholic beverage, but which is produced by processes and from materials similar to those employed in the manufacture of beer, is dutiable by similitude at the same rate of duty as beer, under Tariff Act July 24, 1897, c. 11, § 1, Schedule H, par. 297, 30 Stat. 174 (U. S. Comp. St. 1901, p. 1655).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which is reported as G. A. 5,633 (T. D. 25,172), affirmed the assessment of duty by the collector of customs at the port of New York. The opinion filed by the Board of General Appraisers reads as follows:

McClelland, General Appraiser. The merchandise covered by this protest is described in the invoice as "bok ale, nonalcoholic." It was returned for duty under Tariff Act July 24, 1897, c. 11, § 1, Schedule H, par. 297, 30 Stat. 174 (U. S. Comp. St. 1901, p. 1655), as assimilating to beer in casks, and was assessed for duty at 20 cents per gallon. It is claimed by the protestants that the merchandise is nonalcoholic, unmalted, and an unenumerated manufactured article, subject to a duty of 20 per cent. ad valorem under section 6 of the said act, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1627).

It appears from the record that this so-called bok ale is only partially manufactured and is imported in an unfinished state. To fit it for consumption there must be added water and carbonic acid gas, with such other ingredients as may be required by individual tastes as to flavor. It is imported in casks, but it is to be bottled when thus fitted for use. The finished article is used as a nonalcoholic beverage; but in the condition in which it is imported the merchandise could not be used as a beverage. Its composition is described by one of the witnesses for the importer as follows: "The chief ingredient is starchy sugar, the intermediate product between starch and glucose; and these starchy sugars that are used contain a small amount of fermentable matter. The amount of sugar used in the liquor is calculated so that when the whole of the fermentable matter is converted into alcohol it will not exceed 2 per cent. In addition to that, hops are used and a few other flavors."

The paragraph under which the merchandise was classified, in so far as it applies, reads: "Ale, porter, and beer, in bottles or jugs, forty cents per gallon; * * * otherwise than in bottles or jugs, twenty cents per gallon." Duty was assessed under this provision by virtue of the similitude clause in section 7 of said act. 30 Stat. 152 (U. S. Comp. St. 1901, p. 1627): "That each and every article, not enumerated in this act, which is similar either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned."

In Stuart v. Maxwell, 16 How. 160, 14 L. Ed. 883, the United States Supreme Court defined the object of the similitude clause to be "to afford rules to guide those employed in the collection of the revenue, in certain cases likely to occur, not within the letter but within the real intent and meaning of the laws imposing duties." To sustain the collector's classification of this merchandise, it is only necessary to find that it is similar to ale, porter, or beer, as mentioned in said paragraph 297, either in material, quality, texture,

or the use to which it may be applied. Hahn v. U. S., 100 Fed. 635, 40 C. C. A. 622. One of the protestants' witnesses, when questioned as to the similarity of manufacture and material of bok ale and ale and beer, testified as follows: "Q. Can you state from your own knowledge whether bok ale is manufactured in the same manner as beer or ale? A. In some respects the processes are similar. Q. In what respects do they differ? A. Beer is allowed to contain more alcohol. This is practically a beer without alcohol, or we limit the amount of alcohol so as to bring it within the classification of a nonalcoholic beverage. Q. Will you tell me, so far as the material is concerned, how this article differs from ordinary lager beer—only as to material? A. It does not differ so very much from it. First of all, a kind of ferment is used for lager beer, which imparts a peculiar flavor. Lager beer is potable when finished. This, we claim, is not potable." Thus it appears that the process of manufacture of the merchandise under consideration is practically the same as that by which beer is produced, the only difference being that beer is allowed to contain more alcohol, and this article is practically a beer without alcohol. As to the material of composition, there is little difference. In these two particulars—process of manufacture and material—the merchandise assimilates ale or beer sufficiently to justify the classification made by the collector, and we so find.

The protest is overruled and the decision of the collector is affirmed.

Defrees, Buckingham, Ritter & Campbell (Cyrus Heren, of counsel), for importers.

Edwin W. Sims, U. S. Atty., and D. Frank Lloyd, Asst. U. S. Atty. Gen. (William A. Robertson, of counsel), for the United States.

CARPENTER, District Judge. Decision affirmed.